U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**Signed November 11, 2009**                             **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-35956-SGJ13 |
| AUSTIN M. PETERSON, | § | |
| | § | CHAPTER 13 |
| DEBTOR | § | |

**ORDER REJECTING AGREED ORDER SUBMITTED THAT WOULD RESOLVE OBJECTION TO CONFIRMATION OF PLAN BY HSBC AUTO FINANCE (DEALING WITH DEBTOR'S 2007 CHEVROLET CORVETTE COUPE AUTOMOBILE)**

ON THIS DAY the court reviewed a proposed Agreed Order submitted by HSBC Auto Finance ("HSBC") and the Debtor, purporting to resolve HSBC's objection to the Debtor's Chapter 13 Plan. The agreement would grant HSBC an allowed fully secured claim in the amount of $29,725.00, plus interest at the rate of 5.00%, secured by the Debtor's 2007 Chevrolet Corvette Coupe automobile (VIN# 1G1YY25UX75118694) (the "Corvette"), and would be paid through the Debtor's Chapter 13 Plan presently on file in this case. The plan currently on file provides for a plan payment to HSBC of $573.86 per month during the life of the

{00854238.DOC /}                               -1-                              AGREED ORDER

Plan on account of the Corvette.  It is not clear how much the monthly payment to HSBC would increase as a result of this valuation agreement.[1]

The court notes the following from the record in this case: (i) the Debtor's current Plan contemplates an overall plan payment of $1,225 per month; (ii) the Debtor has filed Schedules in his case indicating that he is unemployed and is drawing unemployment income (*i.e.,* government assistance) of $1,698.67 per month (the Debtor's spouse, who is not in bankruptcy, has an income as a flight attendant of $2,760.09 per month); (iii) in addition to the 2007 Corvette, the Schedules also indicate that the couple owns a 2008 Chevy HHR that they intend to keep (a "910" vehicle,[2] with a balance owed of $25,420.44, according to the proof of claim filed by the lender in this case); (iii) the Debtor has a home with minimal equity that he is trying to keep through the bankruptcy; (iv) the Debtor has IRS debt ($4,505.74 according to the IRS's proof of claim on file); (v) the Debtor apparently has student loan debt ($7,568.70 according to the U.S. Department of Education proof of claim on file; such student loan debt is shown as $0 in the Plan) and some other unsecured debt; and (v) the Trustee has objected to the Debtor's

---

[1] The Debtor's Plan originally valued the Corvette at $27,575, from which was derived the $573.86 monthly payment.

[2] This is a reference to the so-called dangling paragraph following Section 1325(a)(9) of the Bankruptcy Code.

plan on the grounds of feasibility.

While this court usually defers to agreements of debtors and car lenders with regard to automobiles that the Debtor may reasonably need to rehabilitate, the proposed Agreed Order with regard to a luxury sports car does not appear to be an exercise of reasonable judgment, in the best interest of the estate, or otherwise consistent with an effort to propose a plan in good faith in this case.  This court will not put the imprimatur of the law on an agreement between HSBC and the Debtor that essentially "sticks it to" the American taxpayer (when one considers that the Debtor's only personal source of income to pay for the Corvette is government assistance/unemployment compensation; and when one also considers that the Debtor would be deferring payment of his IRS income taxes and student loan debt while paying off his Corvette).  The bankruptcy court is a place for the honest but unfortunate debtor to adjust his or her lifestyle and obtain a fresh start.  The Agreed Order does not seem consistent with that over-arching theme.  It is therefore

**ORDERED** that the proposed Agreed Order resolving the HSBC Plan Objection is **rejected**.

# # # END OF ORDER # # #